IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE SHAW GROUP INC. and SHAW ENVIRONMENTAL & INFRASTRUCTURE, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Civil Action No. 02-1749 |
| PICERNE INVESTMENT CORPORATION, | ) ) ) |
| Defendant. | ) |

MEMORANDUM ORDER

Plaintiffs, The Shaw Group Inc. and Shaw Environmental & Infrastructure, Inc. (individually, "SEI"), filed this diversity action against defendant, Picerne Investment Corporation, on October 15, 2002, seeking damages for breach of contract and breach of the implied covenant of good faith and fair dealing.[1] SEI has filed a motion for voluntary dismissal without prejudice under Fed.R.Civ.P. 41(a)(2). In the motion, SEI offers no explanation for its request for a voluntary dismissal without prejudice, although SEI asserts that defendant will not be prejudiced by such a dismissal because (1) liability discovery is ongoing, (2) no motions for summary judgment on the

---

[1] Plaintiffs also seek a declaration regarding defendant's alleged violation of an order entered by the United States Bankruptcy Court for the District of Delaware in a bankruptcy proceeding filed by a non-party, The IT Group, Inc.

issue of liability have been filed,[2] and (3) discovery on the issue of damages has not begun.

Defendant has filed a memorandum of law opposing SEI's motion to the extent the motion seeks a voluntary dismissal *without prejudice*. First, defendant objects to SEI's failure to offer any explanation of the basis for the motion. Second, defendant contends that SEI's claims in this case are meritless because SEI has never had an ownership interest in the agreement that is at issue in this case. Third, defendant notes that this litigation has been proceeding for almost three years. Fourth, defendant asserts that it has incurred approximately $200,000.00 in legal expenses to defend this action. Finally, defendant disputes SEI's assertion that defendant would not be prejudiced by a voluntary dismissal of SEI's claims without prejudice.

With respect to the factors to be considered in ruling on a motion for voluntary dismissal without prejudice under Fed.R.Civ.P. 41(a)(2), the district court in <u>Schandelmeier v. Otis Division of Baker-Material Handling Corp.</u>, 143 F.R.D. 102 (W.D.Pa.1992), stated:

> \* \* \*
>
> In ruling on a motion to dismiss without prejudice under Rule 41(a)(2), it is necessary to weigh the

---

[2]In this connection, the Court entered a Case Management Order on March 30, 2005 which provides, *inter alia*, that defendant shall file a motion for summary judgment on the issue of liability by September 21, 2005. (Doc. No. 48).

2

prejudice to the defendant, both in terms of legal prejudice and litigation expense, together with the plaintiff's diligence in bringing the motion and explanation therefore. <u>Conafay v. Wyeth Laboratories</u>, 793 F.2d 350 (D.C.Cir.1986); <u>Zagano v. Fordham University</u>, 900 F.2d 12, 14 (2d Cir.), *cert. denied*, 498 U.S. 899, 111 S.Ct. 255, 112 L.Ed.2d 213 (1990). Another factor to consider is the pendency of a dispositive motion by the non-moving party. *See, e.g.*, <u>Chance v. Farm Bureau Mutual Insurance Co.</u>, 756 F.Supp. 1440 (D.Kan.1991).

Beyond general agreement on the factors to be considered, the Courts of Appeal have diverged in their approach to Rule 41(a)(2) dismissals, the Ninth Circuit, <u>Hamilton v. Firestone Tire and Rubber Co., Inc.</u>, 679 F.2d 143 (9th Cir.1982); <u>Morgan v. Walter</u>, 758 F.Supp. 597 (D.Idaho1991), and Fifth Circuit, (footnote omitted) <u>Manshack v. Southwestern Electric Power Co.</u>, 915 F.2d 172 (5th Cir.1990), taking a fairly "pro-dismissal without prejudice" stance, while the Second Circuit, <u>Zagano</u>, *supra*, 900 F.2d at 14-15, and Eleventh Circuit, <u>Fisher v. Puerto Rico Marine Management, Inc.</u>, 940 F.2d 1502 (11th Cir.1991), take a more restrictive view.

The Third Circuit lines up with the more restrictive circuits. (Footnote omitted). <u>Ferguson v. Eakle</u>, 492 F.2d 26, 28-29 (3d Cir.1974); *see also* <u>Thomas v. Amerada Hess Corp.</u>, *supra*.

Turning to the specifics of this case, plaintiffs move to dismiss their complaint after it has been pending for twenty months and has been scheduled for trial. Plaintiffs do not explain why they seek dismissal without prejudice, nor do they provide any opposition to defendants' dispositive motion which undoubtedly has been the product of some effort and expense on the part of defendants. Under those circumstances, dismissal must be with prejudice.

* * *

143 F.R.D. at 102-03.

After consideration, the Court agrees with defendant that SEI's motion for a voluntary dismissal without prejudice

should be denied because (a) like the plaintiffs in Schandelmeier, *supra*, SEI offers no explanation for the requested dismissal without prejudice; (b) SEI did not act diligently in seeking the requested dismissal under Fed.R.Civ.P. 41(a)(2); (c) the motion for dismissal without prejudice was filed by SEI shortly before the deadline for the filing of defendant's motion for summary judgment on the issue of liability and the exhibits attached to defendant's memorandum of law in opposition to SEI's motion support defendant's contention that SEI does not have any interest in the agreement that is the subject of this litigation; and (d) defendant has incurred substantial legal expenses to defend the claims of SEI for the past three years.[3]  Under the

---

[3] In this regard, the Court notes its willingness to grant a motion for voluntary dismissal without prejudice in the event SEI would be willing to pay the reasonable legal expenses incurred by defendant to defend SEI's claims over the past three years. *See, e.g.*, Pittsburgh Jaycees v. United States Jaycees, 89 F.R.D. 454 (W.D.Pa.1981)(Plaintiff was required to pay defendants' attorney fees as condition of voluntary dismissal without prejudice, notwithstanding plaintiff's contention that award of fees was inequitable); Thomas v. Amerada Hess Corp., 393 F.Supp. 58 (M.D.Pa.1975)("Were this Court to allow plaintiffs' motion [for voluntary dismissal], it could in good conscience only do so and specify with prejudice or require the payment of defendants' costs, expenses, and counsel fees which to date are beyond plaintiffs' ability to pay."); Kolman v. Kolman, 58 F.R.D. 632 (W.D.Pa.1973)(Plaintiff suing executors for carrying away assets of decedent and who sought voluntary dismissal without prejudice to enable him to bring another action after effective date of new federal rules of evidence without being restricted by state deadman's statute would be granted dismissal on condition of payment of reasonable counsel fees to defendants); Davenport v. Gerber Products Co., 1989 WL 147550 (E.D.Pa.1989)(The award of attorney fees, as a condition of voluntary dismissal without prejudice, is not only within the authority and discretion of the

circumstances, SEI's motion for a voluntary dismissal without prejudice under Fed.R.Civ.P. 41(a)(2) will be denied.

AND NOW, this 14th day of September, 2005, IT IS SO ORDERED.

```
                              _____
                              William L. Standish
                              United States District Judge
```

cc:   Steven F. Baicker-McKee, Esq.
      D. Matthew Jameson, III, Esq.
      Alan B. Rosenthal, Esq.
      BABST, CALLAND, CLEMENTS & ZOMNIR, P.C.
      Two Gateway Center
      Pittsburgh, PA  15222

      Scott E. Henderson, Esq.
      THORP REED & ARMSTRONG, LLP
      One Oxford Centre
      301 Grant Street, 14th Floor
      Pittsburgh, PA 15219-1425
      Email: shenderson@thorpreed.com

      William R. Grimm, Esq.
      HINCKLEY, ALLEN & SNYDER LLP
      1500 Fleet Center
      Providence, RI 02903-3293
      Email: wgrimm@haslaw.com

---

court, but is also quite common).